UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**DONNELL PRINGLE,**

    **Plaintiff,**                                              Case No.:

v.

**WALT DISNEY PARKS AND RESORTS
U.S., INC. and DISNEY WORLDWIDE
SERVICES, INC.,**

    **Defendants.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW** the Plaintiff, DONNELL PRINGLE ("Plaintiff"), by and through his undersigned counsel and sues the Defendants, WALT DISNEY PARKS AND RESORTS U.S., INC. and DISNEY WORLDWIDE SERVICES, INC. (hereinafter referred to as "Defendants" or "DISNEY") and states as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1367 and 1441(b).

2. Venue lies within the United States District Court for the Middle District of Florida, Orlando Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

### PARTIES

3. Defendant, WALT DISNEY PARKS AND RESORTS, U.S., INC., is a Florida Profit Corporation authorized and doing business in this Judicial District. At all times material,

Defendant employed Plaintiff, DONNELL PRINGLE.  At all times material, Defendant employed the requisite number of employees and, therefore, is an employer as defined by Title VII of the Civil Rights Act of 1964, the Florida Civil Rights Act and 42 U.S.C. §1981.

4. Defendant, DISNEY WORLDWIDE SERVICES, INC., is a Florida Profit Corporatoin authorized and doing business in this Judicial District.  At all times material, Defendant employed Plaintiff, DONNELL PRINGLE.  At all times material, Defendant employed the requisite number of employees and, therefore, is an employer as defined by Title VII of the Civil Rights Act of 1964, the Florida Civil Rights Act and 42 U.S.C. §1981.

5. Defendants are an integrated enterprise/single employer or joint employer of Plaintiff.

6. At all times material, Plaintiff, DONNELL PRINGLE, was an employee of Defendant within the meaning of, 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964, and the Florida Civil Rights Act.

## GENERAL ALLEGATIONS

7. At all times material, Defendants acted with malice and reckless disregard for Plaintiff's federal and state protected rights.

8. At all times material, Plaintiff was qualified to perform his job duties within the legitimate expectations of his employer.

9. Plaintiff has retained the undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services.

10. Plaintiff requests a jury trial for all issues so triable.

## ADMINISTRATIVE PREREQUISITES

9. Plaintiff, DONNELL PRINGLE, timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") on approximately July 11, 2017.

10. On March 26, 2019, the EEOC issued a Dismissal and Notice of Rights related to Plaintiff's Charge of Discrimination. This Complaint has been filed within ninety (90) days of the issuance of the Dismissal and Notice of Rights; therefore, Plaintiff has met all conditions precedent to filing this Complaint.

11. Jurisdiction over this claim is appropriate pursuant to Chapter 760, Florida Statutes, because more than one-hundred and eighty (180) days have passed since the filing of the Charge.

## FACTUAL ALLEGATIONS

12. Plaintiff, DONNELL PRINGLE, is an African-American/Black male.

13. On or about March 19,1994, Plaintiff began his employment with Defendants. At all times material, Plaintiff worked as a Food and Beverage Server at Defendants' Fort Wilderness Resort.

14. During his employment with Defendants, Plaintiff understood that he was doing a good job and meeting Defendant's expectations. In fact, Plaintiff regularly received accolades from Defendants and Defendants' guests.

15. In or around early 2017, Tony Cappadoro, Plaintiff's supervisor, began regularly working Plaintiff's shift and directly supervising Plaintiff.

16. Shortly after becoming Plaintiff's supervisor, Cappadoro began to treat Plaintiff differently than his co-workers who were outside of Plaintiff's protected class. For example,

Cappadoro would follow Plaintiff around, scrutinize Plaintiff's work, and refuse tables for customers who requested Plaintiff.

17. During the time that Plaintiff worked with Cappadoro, on more than one occasion, Cappadoro stated: "I don't like blacks."

18. On at least one occasion during Plaintiff's last year of employment, Plaintiff's other supervisor, Jerry Simmons stated: "I don't like niggers."

19. On March 8, 2017, Cappadoro instructed Plaintiff to wait on a particular table. When Plaintiff explained that he had other tables that he was responsible for, Cappadoro demanded that Plaintiff wait on the specific table.

20. On March 15, 2017, Justina Banuelos (Financial Analyst) interviewed Plaintiff regarding an allegation that Plaintiff inappropriately applied a 20% Annual Passholder discount (which equaled $8.00) to the table that Cappadoro instructed him to serve on March 8, 2017. Plaintiff denied and continues to deny the allegation. The discount was added after the secret shoppers left the table and Plaintiff did not participate in adding the discount.

21. During the meeting with Banuelos, Cappadoro admitted that he assigned the table to Plaintiff and "set [him] up." Then, Cappadoro placed Plaintiff on an unpaid suspension. Cappadoro escorted Plaintiff out of the workplace and stated: "You won't be back this time, nigger."

22. After suspending Plaintiff, Cappadoro bragged to Plaintiff's co-workers that he set up Plaintiff.

23. In or around late March 2017, Plaintiff was terminated from his employment with Defendant by Cappadoro and Simmons. Plaintiff was not provided a reason for his termination.

24. Plaintiff was replaced by an individual outside of his protected class.

## COUNT I
## 42 U.S.C. § 1981 DISCRIMINATION

25. Plaintiff re-alleges and adopts the allegations stated in Paragraphs 1 through 24 as though fully stated herein.

26. Plaintiff is African American/Black male.

27. By the conduct described above, Defendants engaged in unlawful employment practices and discriminated against Plaintiff on account of his race in violation of 42 U.S.C. § 1981 for which Defendants are liable.

28. Defendants' adverse employment act toward Plaintiff (his termination) was motivated by race-based considerations.

29. Defendants' unlawful and discriminatory employment practices toward Plaintiff were intentional.

30. Defendants' unlawful and discriminatory employment practices were done with malice or with reckless indifference to the federal-protected rights of Plaintiff.

31. Defendants knew or should have known of the discrimination.

32. As a result of Defendants' unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE,** Plaintiff, DONNELL PRINGLE, prays for judgment against Defendants, and an award for the following damages:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering;

    e. Punitive damages;

    f.    For costs and attorney's fees;

    g.    Injunctive relief;

    h.    For any other relief this Court deems just and equitable.

## COUNT II
## TITLE VII - RACE DISCRIMINATION

33. Plaintiff re-alleges and adopts the allegations stated in Paragraphs 1 through 24 as though fully stated herein.

34. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq*. ("Title VII").

35. By the conduct described above, Defendants engaged in unlawful employment practices and discriminated against Plaintiff on account of his race in violation of Title VII.

36. Defendants' adverse employment act toward Plaintiff (his termination) was motivated by race-based considerations.

37. Defendants' unlawful and discriminatory employment practices toward Plaintiff were intentional.

38. Defendants' unlawful and discriminatory employment practices were done with malice or with reckless indifference to the federal-protected rights of Plaintiff.

39. As a result of Defendants' unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE,** Plaintiff, DONNELL PRINGLE, prays for judgment against Defendants, and an award for the following damages:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotional pain and suffering;

    e.    Punitive damages;

    f.    For costs and attorney's fees;

    g.    Injunctive relief;

    h.    For any other relief this Court deems just and equitable.

## COUNT III
## FLORIDA CIVIL RIGHTS ACT- RACE DISCRIMINATION

40. Plaintiff re-alleges and adopts the allegations stated in Paragraphs 1 through 24 as though fully stated herein.

41. Plaintiff is a member of a protected class under the Florida Civil Rights Act.

42. By the conduct described above, Defendants engaged in unlawful employment practices and discriminated against Plaintiff on account of his race in violation of the Florida Civil Rights Act, Chapter 760, *Florida Statutes*.

43. Defendants' adverse employment act toward Plaintiff (his termination) was motivated by race-based considerations.

44. Defendants' unlawful and discriminatory employment practices toward Plaintiff were intentional.

45. Defendants' unlawful and discriminatory employment practices were done with malice or with reckless indifference to the state-protected rights of Plaintiff.

46. As a result of Defendants' unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE,** Plaintiff, DONNELL PRINGLE, prays for judgment against Defendants, and an award for the following damages:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotional pain and suffering;

    e.    Punitive damages;

    f.    For costs and attorney's fees;

    g.    Injunctive relief;

    h.    For any other relief this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

47.    Plaintiff, DONNELL PRINGLE, demands a trial by jury on all issues so triable.

**DATED**: June 24, 2019.

**FLORIN GRAY BOUZAS OWENS, LLC**

*/s/ Gregory Owens*
**GREGORY A. OWENS, ESQUIRE**
Florida Bar No.: 51366
greg@fgbolaw.com
**MIGUEL BOUZAS, ESQUIRE**
Florida Bar No.: 48943
miguel@fgbolaw.com
16524 Pointe Village Dr.
Suite 100
Lutz, Florida 33558
(727) 254-5255
(727) 483-7942 (fax)
*Trial Attorneys for Plaintiff*